E-FILED
Friday, 20 July, 2007   03:53:54 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| TAMMY EATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3056 |
| | ) | |
| TASKIN, INC., individually and d/b/a | ) | |
| RAMADA, RAMADA INN and | ) | |
| RAMADA INN JACKSONVILLE | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Taskin, Inc.'s (Taskin) Motion for Remand Or, In the Alternative, For Abstention (d/e 4) and on James R. Inghram's (the Bankruptcy Trustee for the bankruptcy estate of Plaintiff Tammy Eaton) Motion for Enlargement of Time (d/e 2) and his Motion for Substitution As the Real Party-In-Interest (d/e 7) (Motion for Substitution).  For the reasons set forth below, Defendant's Motion for Remand is denied.  The Motion for Enlargement of Time is denied as moot, and the Motion for Substitution is allowed.  The Court first turns to

1

Defendant Taskin's Motion to Remand.

I. MOTION TO REMAND

On April 20, 2002, Plaintiff Tammy Eaton allegedly injured herself at the Ramada Inn in Jacksonville, Illinois. On September 18, 2002, Eaton filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Central District of Illinois (Case No., 02-73990), but she failed to disclose her personal injury claims arising from her April 20, 2002, injury. Motion for Remand, at 2. On January 6, 2003, the Bankruptcy Court discharged Eaton's debts and issued a final decree discharging William F. Nissen as Trustee of the bankruptcy estate. On that same day, Eaton's bankruptcy case was closed. Id.

After the close of her bankruptcy case, Eaton filed, on September 12, 2003, a personal injury lawsuit against three Defendants, including Defendant Taskin, in the Circuit Court of the Seventh Judicial Circuit, Morgan County, Illinois, Case No. 2003-L-47. Id. at 3. On September 18, 2003, Defendant Taskin was served with a copy of the state court complaint and a 30-day summons. Id. On October 17, 2003, Defendant Taskin moved to dismiss Counts I and II of the state court complaint. Id. On March 23, 2004, Bankruptcy Judge Larry Lessen entered an order granting

2

Eaton's motion to lift the automatic stay due to Defendant Taskin having filed for bankruptcy so Eaton could proceed with her state court lawsuit and obtain a recovery from Defendant Taskin. On September 14, 2006, Defendant Taskin filed a motion for summary judgment, asserting that because the claims arising out of the April 20, 2002, injury were property of the bankruptcy estate, Eaton lacked standing to pursue the state court complaint, and that the Bankruptcy Trustee was the real party in interest with exclusive standing to sue.

On or about January 11, 2007, the Bankruptcy Trustee became aware of Eaton's state court complaint and, as a result, filed a motion to reopen Eaton's bankruptcy case and to be appointed as the successor Trustee in bankruptcy. On February 16, 2007, the Bankruptcy Court reopened Eaton's bankruptcy case. On February 22, 2007, Eaton filed a Notice of Removal (d/e 1) pursuant to 28 U.S.C. § 1452(a). On February 28, 2007, Defendant Taskin filed the instant Motion for Remand, asserting that the removal is untimely under Bankruptcy Rule 9027(a)(3). In the alternative, Defendant Taskin asks the Court to abstain from this case pursuant to 28 U.S.C. § 1334(c)(1) or § 1334 (c)(2), or remand on equitable grounds as dictated by 28 U.S.C. § 1452(b).

ANALYSIS

A.    Notice of Removal is Timely

The removal of a state court action to this Court is governed by 28 U.S.C. § 1452(a), which reads in its entirety as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  "Section 1334 provides district courts with original and exclusive jurisdiction of all cases under title 11 and original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[1]  Christo v. Padgett, 223 F.3d 1324, 1330 (11th Cir. 2000) (internal quotations omitted); 28 U.S.C. §§ 1334(a) & (b).  Bankruptcy Rule 9027(a) governs whether the Notice of Removal in this case is timely.  The parties appear to suggest that Bankruptcy Rule 9027(a)(3) applies in the instant case.  Rule 9027(a)(3) applies in situations where a civil action is initiated after the commencement of a case under the

---

[1] "Title 11 codifies the law of bankruptcy." Baxter Healthcare Corp. v. Hemex Liquidation Trust, 132 B.R. 863, 866 (N.D.Ill. 1991) (citing 11 U.S.C. § 101 et seq.).

[Bankruptcy] Code, and states as follows:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

The above subsection is inapplicable here because there was no bankruptcy case pending at the time Eaton commenced her state court action. Indeed, the bankruptcy case had been closed for approximately 7 months when Eaton filed her civil complaint in state court. The proper subsection that applies here is Bankruptcy Rule 9027(a)(2), which governs the time-frame for filing a notice of removal when a civil action is initiated before the commencement of a case under the Bankruptcy Code. Fed. R. Bankr. P. 9027(a)(2). Bankruptcy Rule 9027(a)(2) reads:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

5

Fed. R. Bankr. P. 9027(a)(2).

Applying the above rule to this case, the Court finds that the Notice of Removal is timely. On February 16, 2007, Eaton's bankruptcy case was reopened. Eaton then removed her state court case to this Court on February 22, 2007, which was within the 90-day time limit set forth in Bankruptcy Rule 9027(a)(2). See In re Stroh, 34 Fed. Appx. 562, 563-64, 2002 WL 826071, at *1 (9th Cir. 2002); In re DeVore, 223 B.R. 193, 198 (9th Cir. 1998) ("reopening a bankruptcy case puts the bankruptcy estate back into the process of administration and revives the original case."). The Notice of Removal is timely. Therefore, Defendant Taskin's request for remand on this basis is denied.[2]

B.   Mandatory Abstention

Defendant Taskin asserts that mandatory abstention under § 1334(c)(2) is warranted because the elements of mandatory abstention have

---

[2] Defendant Taskin also argues that the removal is untimely under 28 U.S.C. § 1446, the statute that governs removals generally. Section 1446 basically "requires a removal application to be filed within 30 days of the defendant having received service of the initial pleading filed." In re Tandem Enterprises, Ltd., 124 B.R. 283, 286 (Bankr.N.D.Ill. 1991). Section 1446, however, pertains to cases where a defendant removes a state court action to federal court. See 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within such action is pending a notice of removal . . . ."). Here, Plaintiff Eaton, rather than the Defendants, removed the state court action to this Court. Therefore, § 1446 is inapplicable here.

been satisfied. This Court is required to abstain under § 1334(c)(2) if the following conditions are met: "(1) [Plaintiff Eaton] made a timely motion to remand; (2) in a proceeding based upon a state law claim or state law cause of action; (3) that was related to a case under title 11 but not arising under title 11 or arising in a case under title 11; (4) which could not have commenced in federal court absent jurisdiction under § 1334; and (5) which has been commenced and can be timely adjudicated in a state forum of appropriate jurisdiction." <u>Christo</u>, 223 F.3d at 1331. If a non-moving party disputes a motion to abstain, the moving party bears the burden of persuasion on the existence of the required factors. <u>Klohr v. Martin & Bayley, Inc.</u>, 2006 WL 1207141, at *2 (S.D.Ill. May 4, 2006) (citing cases). Upon considering the relevant factors, the Court finds that the first, second, third, and fourth elements are present here, but not the fifth requirement.

Here, it is undisputed that the instant Motion for Remand is timely because it was filed six days after the Notice of Removal was filed by Eaton. <u>See</u> <u>Klohr</u>, 2006 WL 1207141, at *2. Second, Eaton's state court complaint solely involves state law tort claims. Third, this case is related to a case under Title 11, but not arising under Title 11 or arising in a case under Title 11. Section 157(b) of 28 U.S.C. states that cases under Title

7

11 or those arising in a case under Title 11 constitute "core" proceedings. The statute specifically sets forth a catalogue of cases that constitute core proceedings. In re Eastport Associates, 935 F.2d 1071, 1076 (9th Cir. 1991). Section 157(b)(2)(O) provides that personal injury tort or wrongful death claims are not "core" proceedings. This action therefore does not constitute a "core" proceeding because it neither arises under Title 11 nor arises in a case under Title 11.

The Court must now determine whether this action is "related to" a case under Title 11. "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but . . . it is an 'otherwise related' or non-core proceeding." Matter of Wood, 825 F.2d 90, 97 (5th Cir. 1987). Property of the estate includes every conceivable future interest of the debtor, including causes of action that predate the bankruptcy proceeding. Good v. Kvaerner U.S., Inc., 2003 WL 21755782, at *2 (S.D.Ind. July 25, 2003). The Seventh Circuit has explained that, "[a] case is 'related' to a bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.'" Matter of

8

Memorial Estates, Inc., 950 F.2d 1364, 1368 (7th Cir. 1991)(quoting Matter of Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987)); see also Diamond Mortg. Corp. of Illinois v. Sugar, 913 F.2d 1233, 1239 (7th Cir. 1990); Klohr, 2006 WL 1207141, at *2.  The personal injury claims presented in this action are "related" to Eaton's bankruptcy case because they constitute an asset of the bankruptcy estate, thereby affecting the amount of property for distribution or the allocation of property among creditors.

The fourth factor has also been satisfied here.  There is no diversity of citizenship between Eaton and the Defendants, and the only basis for federal subject matter jurisdiction is the bankruptcy proceeding.  With respect to the last requirement for mandatory abstention, this Court must consider the following factors to determine whether this action can be timely adjudicated in state court: "(1) the backlog of the state court's calendar; (2) the status of the bankruptcy proceeding; (3) the complexity of issues presented; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate."  In re Georgou, 157 B.R. 847, 850 (N.D.Ill. 1993) (citing cases).  Defendant Taskin bears the burden on the existence of the aforementioned factors.  See Klohr, 2006 WL

1207141, at *3. Defendant Taskin merely asserts that the final requirement for mandatory abstention has been satisfied. However, mere assertion alone is not enough; Defendant Taskin must make a showing that this action can be timely adjudicated in state court. Defendant Taskin has not presented any evidence concerning the average time it typically takes the state courts in Morgan County, Illinois, to adjudicate a personal injury action worth more than $50,000. See id. The instant action, in fact, had been pending in state court for over three years, although it was at the summary judgment stage. Id. Mandatory abstention therefore is not appropriate here. Defendant Taskin's request to remand on this basis is denied.

    C.    <u>Permissive Abstention and Equitable Remand</u>

In the alternative, Defendant Taskin asserts that equitable remand as dictated by 28 U.S.C. § 1452 or permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is warranted in this case. The standard applicable for both is essentially the same. <u>In re Chapman</u>, 132 B.R. 153, 158 (Bankr.N.D.Ill. 1991); <u>Baxter Healthcare Corp.</u>, 132 B.R. at 869; <u>Klohr</u>, 2006 WL 1207141, at *4 n.1. Section 1334(c)(1) "*allows* the district court to abstain from a case related to title 11 'if it is in the interests of justice, or

in the interest of comity with State courts or respect for State law . . . .'"[3] Baxter Healthcare Corp., 132 B.R. at 868-69.[4] To determine whether permissive abstention is applicable here, this Court must consider the following twelve factors articulated by the Ninth Circuit in In re Tucson Estates, Inc.:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

---

[3] Specifically, § 1334(c)(1) states: "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

[4] Section 1452(b) provides: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

11

In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990); Matter of Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993).[5] "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d at 1189. As explained infra, permissive abstention is not warranted in this case.

In this case, remand is likely to adversely affect the efficient administration of Eaton's bankruptcy estate. It is undisputed that Eaton's personal injury claims are the property of the bankruptcy estate and, as such, the Bankruptcy Trustee is the real party in interest, with the exclusive authority to pursue the claims against the Defendants. See In re Polis, 217 F.3d 899 (7th Cir. 2000); Matter of Yonikus, 996 F.2d 866, 869 (7th Cir. 1993); Tate v. Snap-On Tools Corp., 1997 WL 106275 (N.D.Ill. Feb. 11, 1997); Good, 2003 WL 21755782, at *2. It is further undisputed that if

---

[5]The Court notes that the factors to be considered in determining whether equitable remand under § 1452(b) is appropriate are as follows: "(1) there is duplication of judicial resources or uneconomical use of judicial resources; (2) the remand will adversely affect the administration of the bankruptcy estate; (3) the case involves questions of state law better addressed by a state court; (4) there are comity considerations; (5) there is prejudice to unremoved parties; (6) the remand lessens the possibility of inconsistent results; and (7) the court where the action originated has greater expertise." Baxter Healthcare Corp., 132 B.R. at 867-68 (citing cases).

this matter is remanded to the state court, the matter will be dismissed as to Plaintiff Eaton, and the Bankruptcy Trustee will be time-barred from bringing any claims against the Defendants in this action under Illinois law, which would in effect bar Eaton's creditors from recovering any proceeds flowing from this action. If this action remains in this Court, however, Eaton's creditors will at least have an opportunity to recover any proceeds flowing from this action because, as the administrator of the bankruptcy estate, the Bankruptcy Trustee will be substituted as the real party in interest pursuant to Fed. R. Civ. P. 17(a). The Bankruptcy Trustee will be responsible for allocating any proceeds from the lawsuit among Eaton's creditors. Moreover, "Rule 17(a)'s relation-back provision . . . eliminates any statute of limitations problem by providing that 'substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.'" Tate, 1997 WL 106275, at *5 (quoting Fed. R. Civ. P. 17(a)); Wadsworth v. U.S. Postal Serv., 511 F.2d 64, 66 (7th Cir. 1975); In re Meyer, 120 F.3d 66, 68 (7th Cir. 1997). This factor therefore weighs against permissive abstention.

      The state law issues, on balance, predominate over bankruptcy issues. As noted supra, the instant action is a personal injury lawsuit that involves

purely state law questions, although Defendant Taskin's summary judgment motion raises federal bankruptcy issues. Further, there is no indication that the state law questions presented here are either difficult or unsettled. Both this Court and the state court are capable of resolving the issues of state law raised in this action.

The sole basis for federal subject matter jurisdiction in this case is § 1334 and, as mentioned supra, this case involves no "core" proceedings. Further, the concerns of severing state law claims from bankruptcy matters are not implicated here because the personal injury claims in question are wholly governed by state law. Eaton has invoked her right to a jury trial and her "right to a jury trial will not be compromised" if this action remains in this Court. In re Bridgestone/Firestone Inc., Tires Products Liability Litigation, 2002 WL 31243417, at *3 (S.D.Ind. August 28, 2002). The Defendants in this action are all nondebtor parties. Defendant Taskin has not presented any evidence relating to the burden of the Bankruptcy Court's docket, rendering this factor neutral. Lastly, there is no evidence of forum shopping by either of the parties. Although there are factors that militate in favor of abstention (and some that are neutral), the Court believes that, on balance, the factors weigh against permissive abstention. If this case

were remanded to the state court, the action would be in all likelihood, dismissed as to Plaintiff Eaton, and the Trustee would be time-barred under Illinois law from bringing any lawsuit against the Defendants for claims arising out of the April 20, 2002, injury. This, in effect, would deprive Eaton's creditors of any opportunity to receive proceeds flowing from this action.[6] Such a result would be inconsistent with the efficient administration of the bankruptcy estate. For the foregoing reasons, Defendant Taskin's motion for remand on either the grounds of permissive abstention pursuant to § 1334(c)(1) or of equitable remand under §

---

[6]The Court notes that equitable remand under § 1452(b) is similarly not warranted. The concerns for comity and the duplication of judicial resources favor equitable remand because the state court proceedings are fairly advanced; before the instant action was removed, it had been pending in the state court for over 3 years and was at the summary judgment stage. See In re Talon Holdings, Inc., 221 B.R. 214, 221 (Bankr. N.D. Ill. 1998) ("at the time this action was removed, the proceedings in the State Court were not sufficiently advanced such that concerns for comity and waste of judicial resources are implicated."). There is no prejudice to unremoved parties based on the fact that the only removed party, according to Defendant Taskin, is a Defendant named Masud Saiyed who has never been served with a copy of the Complaint and a Summons. As discussed supra, however, a remand to the state court will adversely affect the efficient administration of the bankruptcy estate. If this action remains here, this Court will apply Illinois law to resolve the questions of state law raised in this action, thereby "insur[ing] that the result in this case is consistent with similar [personal injury] actions filed in the Illinois courts." Baxter Healthcare Corp., 132 B.R. at 868. The tort claims presented in the instant action involve questions of state law, which can be equally addressed by both the state court and this Court. Moreover, this Court has expertise in addressing the federal bankruptcy issues raised in the pending summary judgment motion. Upon considering the factors, the Court finds that the factors on balance weigh against equitable remand, especially given the adverse affect on the efficient administration of the bankruptcy estate if this were remanded to the state court. Equitable principles favor a resolution of the underlying action on the merits.

1452(b) is denied.

II.     MOTION FOR SUBSTITUTION

Pursuant to Fed. R. Civ. P. 17(a), the Bankruptcy Trustee requests that he be substituted as Plaintiff in this action based on the fact he is the real party in interest. Rule 17(a) provides in part: "Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . ." Fed. R. Civ. P. 17(a). The Advisory Committee Notes state that Rule 17(a) is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made ." "Relying on this language, the Seventh Circuit has allowed the substitution of a plaintiff where the wrong plaintiff was named due to an understandable mistake and where the defendant was not prejudiced." Rawoof v. Texor Petroleum Co., 2004 WL 3021391, at *3 (N.D.Ill. Dec. 29, 2004) (citing In re Meyer, 120 F.3d at 69).

As explained supra, it is undisputed that the Bankruptcy Trustee, as

the administrator of Eaton's bankruptcy estate, is the real party in interest. Defendant Taskin merely asserts that it objects to the Trustee's request for substitution, but does not provide any detailed reasons for its objection and cites no relevant federal case law in support of its assertion; it simply makes references to two state court decisions.  Defendant Taskin does not dispute that Plaintiff Eaton filed the instant action as a result of an understandable mistake.  Nor does Defendant Taskin dispute the absence of any prejudice against it if the Trustee is substituted as Plaintiff.  Therefore, the Trustee's request for substitution is allowed.  The Bankruptcy Trustee is substituted as Plaintiff since he is the real party in interest.

### III.    MOTION FOR ENLARGEMENT OF TIME

The Bankruptcy Trustee seeks more time to file a Notice of Removal. As discussed supra, the Notice of Removal is timely.  Therefore, the Motion for Enlargement of Time is denied as moot.

### CONCLUSION

THEREFORE, for the reasons set forth above, Defendant Taskin, Inc.'s Motion for Remand Or, In the Alternative, For Abstention (d/e 4) is DENIED.  The Motion for Enlargement of Time (d/e 2) is DENIED as moot, and Motion for Substitution As the Real Party-In-Interest (d/e 7) is

17

ALLOWED. The Bankruptcy Trustee is substituted as Plaintiff in this matter, and Plaintiff Tammy Eaton is DISMISSED as a party to this action.

IT IS THEREFORE SO ORDERED.

ENTER: July 19, 2007.

    FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE