IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES R. INGHRAM, TRUSTEE OF THE ESTATE OF TAMMY EATON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07-3056 |
| TASKIN, INC., individually and d/b/a RAMADA, RAMADA INN and RAMADA INN JACKSONVILLE, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant Taskin, Inc.'s Motion for Summary Judgment on Second Affirmative Defense (d/e 10) (Motion for Summary Judgment). Plaintiff James R. Inghram, Bankruptcy Trustee of the Estate of Tammy Eaton, filed a Response to Defendant's Motion for Summary Judgment (d/e 12) (Response). For the reasons stated below, the Motion for Summary Judgment is denied.

On April 20, 2002, Tammy Eaton allegedly slipped in water on the

1

floor of the common area of the Ramada Inn in Jacksonville, Illinois, and suffered injury. On September 18, 2002, she filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of Illinois (Case No. 02-73990), but she failed to disclose her claims regarding the Ramada Inn fall among her assets. On January 6, 2003, the Bankruptcy Court discharged Eaton's debts and closed her bankruptcy case.

On September 12, 2003, Eaton filed the instant personal injury Complaint in the Circuit Court of the Seventh Judicial Circuit, Morgan County, Illinois, Case No. 2003-L-47. Subsequently, Defendant Taskin answered Eaton's Complaint and asserted, as a Second Affirmative Defense, that Eaton lacked standing to pursue her claims because the bankruptcy estate had acquired her cause of action.[1] On January 11, 2007, the Bankruptcy Trustee filed a motion to reopen Eaton's bankruptcy case. On February 16, 2007, the Bankruptcy Court reopened Eaton's case.

Eaton removed her personal injury case to this Court on February 22, 2007, and the Bankruptcy Trustee, on behalf of Eaton's estate in

---

[1] The Court is unable to locate a Second Affirmative Defense pleading in its docket for this case, but as the parties agree that it raised a standing argument based on Eaton's bankruptcy case, the Court proceeds on that understanding. See Motion for Summary Judgment (d/e 10), at 1, 3; Response (d/e 12), at 3.

2

bankruptcy, moved to substitute as the real party in interest under Federal Rule of Civil Procedure 17(a). "[A]s a technical matter the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims." Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006). Because Eaton's personal injury claims predated her bankruptcy case, Eaton's estate in bankruptcy, not Eaton, owned the claims. The Court granted the Bankruptcy Trustee's motion in a July 20, 2007, Opinion (d/e 9).

Defendant Taskin has now moved for summary judgment. A motion for summary judgment must be granted "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Summary judgment is appropriately entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" McKenzie v. Ill. Dept. of Transp., 92 F.3d 473, 479 (7th Cir. 1996) (quoting Celotex, 477 U.S. at 322).

Taskin's summary judgment argument is based on standing. Taskin

3

argues that because the bankruptcy estate owned the claims, Eaton lacked standing to sue originally, and thus her Complaint was void. According to Taskin, substitution of the Bankruptcy Trustee does not cure the deficiency. The statute of limitations ran out long before the Bankruptcy Trustee was substituted on behalf of the estate. Thus, Taskin argues, the Bankruptcy Trustee missed the chance to file suit. Substituting one party without capacity to sue for another does not save this Complaint.

Taskin has confused the concept of standing with the real party in interest doctrine, however. "Both standing and real party in interest are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits." Weissman v. Weener, 12 F.3d 84, 86 (7th Cir. 1993). Yet, they are distinct concepts. The doctrine of standing, on the one hand, requires a plaintiff to show that she suffered injury in fact traceable to the defendant's conduct and that this injury can be redressed by the relief the plaintiff seeks. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). The real party in interest doctrine, on the other hand, requires that every action be prosecuted by the entity possessing the particular right sought to be enforced. Firestone v. Galbreath, 976 F.2d 279, 283 (6th Cir. 1992). Standing is jurisdictional, but the real party in

interest doctrine is not. <u>Tate v. Snap-On Tools Corp.</u>, 1997 WL 106275, at *4 (N.D. Ill. Feb. 11, 1997); see also <u>Federal Deposit Ins. Co. v. Hartford Ins. Corp. of Illinois</u>, 877 F.2d 590, 592 (1989) (noting that the real party in interest issue is not jurisdictional).

Put another way, Taskin has blurred the distinction between constitutional standing and prudential standing. See <u>Williams v. United Technologies Carrier Corp.</u>, 310 F.Supp.2d 1002, 1009 (S.D. Ind. 2004).

> The constitutional limitation eliminates those cases in which a plaintiff can demonstrate no case or controversy between himself and the defendant. To satisfy Article III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant. The prudential limits on standing eliminate those cases where no individual rights would be vindicated and restrict access to the federal courts to those litigants best suited to assert a particular claim.

<u>Gorski v. Troy</u>, 929 F.2d 1183, 1186 (7th Cir. 1991) (internal quotation marks and citations omitted). Only constitutional standing is jurisdictional. See <u>id.</u> at 1187.

Eaton had standing -- constitutional standing, that is -- to prosecute the instant suit. She alleged that she suffered injury in fact (personal injury resulting from a fall) traceable to the Defendants' conduct (allowing water to collect at its hotel) and this injury could be redressed by the relief she

sought (damages). She was not, however, the real party in interest because her estate in bankruptcy possessed her claims; Eaton lacked prudential standing.

Taskin cites a New York state appellate case, <u>Reynolds v. Blue Cross of Northeastern New York</u>, which holds that substitution of a bankruptcy trustee does not save a suit of which the plaintiff lost possession in bankruptcy court because "a party with no capacity to sue cannot be replaced with one who has capacity in these circumstances." <u>Reynolds</u>, 210 A.D.2d 619, 620 (N.Y. App. Div. 1994). This case is unpersuasive, though, because it fails to address the distinction between standing and real party in interest, or constitutional standing and prudential standing. In the face of Seventh Circuit and federal district court precedent suggesting a contrary conclusion, the Court rejects <u>Reynolds</u>.

Because Eaton had constitutional standing, the Court had jurisdiction over her Complaint, and the Bankruptcy Trustee was not obliged to file a separate suit. <u>See</u> <u>Tate</u>, 1997 WL 106275, at *5. Rule 17(a)'s relation-back provision, providing that "substitution shall have the same effect as if the action had been commenced in the name of the real party in interest," eliminates the statute of limitations problem. Fed. R. Civ. P. 17(a); <u>see also</u>

6

<u>Wadsworth v. U.S. Postal Svs.</u>, 511 F.2d 64, 66 (7th Cir. 1975) ("The time bar is jurisdictional, but the jurisdictional requirement was satisfied by the timely filing of suit for the full amount of the claim, and jurisdiction is not disturbed by an amendment correcting parties."). Thus, summary judgment here would be improper.

THEREFORE, Defendant Taskin, Inc.'s Motion for Summary Judgment on Second Affirmative Defense (d/e 10) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   January 31, 2008

       FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE